UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| RONTAVEUS WALKER, individually and as administrator of the estate of Rodney Walker, et al., ) ) ) ) | |
| Plaintiffs, ) | Civil Action No. 5: 20-397-DCR |
| V. ) ) | |
| SOUTHERN HEALTH PARTNERS, et al., ) ) | **MEMORANDUM ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The plaintiffs filed a Complaint in this Court on September 25, 2020, alleging claims of deliberate indifference to Rodney Walker's serious medical needs, malpractice, wrongful death, and loss of consortium. [Record No. 1] Defendants Southern Health Partners, Inc., Leslie Steenburgen, LPN, Kandi Ginn, LPN, Roy Washington, APRN, and Jessica Houk ("SHP Defendants") moved to dismiss the Complaint on October 20, 2020. [Record No. 13] Defendants Deanna Anglin, Jamie Wynn, and Gregory Dargavell ("Madison County Defendants") filed a substantially similar motion to dismiss on November 24, 2020. [Record No. 18]

The defendants argue that the Complaint should be dismissed because the plaintiffs failed to allege facts establishing that they are representatives of Walker's estate. It is well-established that a § 1983 cause of action is "entirely personal to the direct victim of the alleged constitutional tort." *Foos v. City of Delware*, 492 F. App'x 582, 592 (6th Cir. 2012). Accordingly, "only the purported victim, or his estate's representative(s), may prosecute a [§]

- 1 -

1983 claim." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000). Further, Kentucky's wrongful death statute provides that "[t]he action shall be prosecuted by the personal representative of the deceased." K.R.S. § 411.130(1).

The Complaint also asserts claims for loss of consortium on behalf of Walker's widow, Virginia Walker. However, the plaintiffs have failed to allege that they have been appointed as representatives of the estate of Virginia Walker. Accordingly, the defendants contend that the plaintiffs have failed to include sufficient facts to establish standing to pursue these loss-of-consortium claims. *See* K.R.S. § 411.140 (providing that surviving actions may be brought by the personal representative, heir, or devisee).

On November 24, 2020, the plaintiffs filed a motion to amend the Complaint, which "clarifies the allegations and addresses the issues identified in the SHP Defendants' motion to dismiss."[1] Upon review of the tendered Amended Complaint, the Court notes that the plaintiffs have added allegations indicating that Plaintiffs Rontaveus Walker, Antonyus Walker, Jozlynne Walker, and Marquesha Walker are the administrators of the estate of Rodney Walker. The plaintiffs also allege that Jeffrey C. Shipp, who has been added as a plaintiff, was appointed administrator of the estate of Virginia Walker on November 24, 2020.

The Federal Rules of Civil Procedure provide that leave to amend a pleading shall be freely given when justice so requires.[2] Fed. R. Civ. P. 15(a). Here, the motion to amend is made early in the litigation, without any indication of bad faith by the moving parties. *See*

---

[1] The motion to amend was filed before the Madison County Defendants filed their motion to dismiss.

[2] The plaintiffs apparently concede that the period for amending as a matter of course under Rule 15(a)(1) has expired. [*See* Record No. 21, p.1.]

*Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (discussing factors to be considered in determining whether to grant a motion to amend). Accordingly, the plaintiffs will be permitted to file the Amended Complaint. And because the Amended Complaint supersedes the original Complaint, it renders moot the defendants' motions to dismiss. *See Ky. Press Ass'n, Inc. v. Kentucky*, 355 F. Supp.2d 853, 857 (E.D. Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)).

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. The plaintiff's motion for leave to file an Amended Complaint [Record No. 21] is **GRANTED**. The Clerk is directed to file in the record the proposed Amended Complaint and attached exhibits previously tendered.

2. SHP Defendants' motion to dismiss [Record No. 13] is **DENIED** as moot.

3. Madison County Defendants' motion to dismiss [Record No. 18] is **DENIED** as moot.

Dated: December 1, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky