IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| Rontaveus Walker, Antonyus Walker, Jozlynne Walker, Marquesha Walker Individually and as Administrators of the ESTATE OF RODNEY WALKER, | Case No. 5:20-cv-00397 |
| | Judge Danny C. Reeves |
| Plaintiffs, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| SOUTHERN HEALTH PARTNERS, INC., et al., | |
| Defendants. | |

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible.  The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.**  A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL

1

- SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL, even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL, as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

    3.  **Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade

2

secrets, or such other sensitive commercial information that is not publicly available. Documents that will be subject to this Order include:

1. SHP 2014-2020 Training Topic Subjects and Credits;

2. SHP 2019 QI Criteria;

3. SHP Madison County KY Policy and Procedure Manual for Health Services in Jails September 11, 2019;

4. SHP Madison County Treatment Protocols September 11, 2019;

5. SHP Patient Assessment and Treatment Guidelines December 1, 2015;

6. SHP Medical Team Administrator-Licensed Practical Nurse (LPN) job description;

7. SHP LPN Region Manager job description;

8. SHP Site Organizational Hierarchy October 29, 2019.

Information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

4. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

5. **Protection of Confidential Material.**

(a) **General Protections.** Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action [adversary proceeding], including any appeal thereof.

(b) **Limited Third-Party Disclosures.** The parties and counsel for the

3

parties shall not disclose or permit the disclosure of any CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER documents to any third person or entity

except as set forth in subparagraphs (1)-(5). Subject to these requirements, the

following categories of persons may be allowed to review documents that have been

designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

(1)   **Counsel.** Counsel for the parties and employees and agents of

counsel who have responsibility for the preparation and trial of the action;

(2)   **Parties.**  Parties and employees of a party to this Order.[2]

(3)   **Court Reporters and Recorders.**  Court reporters and recorders

engaged for depositions;

(4)   **Consultants, Investigators and Experts.** Consultants,

investigators, or experts (hereinafter referred to collectively as "experts")

employed by the parties or counsel for the parties to assist in the preparation

and trial of this action or proceeding, but only after such persons have

completed the certification contained in Attachment A, Acknowledgment of

Understanding and Agreement  to Be Bound; and

(5)   **Others by Consent.**  Other persons only by written consent of the

producing party or upon order of the Court and on such conditions as may be

agreed or ordered.  All such persons shall execute the certification contained

in Attachment A, Acknowledgment of Understanding and Agreement to Be

Bound.

(c)   **Control of Documents.**  Counsel for the parties shall take reasonable

and appropriate measures to prevent unauthorized disclosure of documents designated

as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the

originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(d)   **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(e)   **Inadvertent Production.**  Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

6.  **Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Under Seal.**    Absent a statute or an order of this Court, documents may not be filed under seal. Neither this Stipulated Protective Order nor any other sealing order constitutes blanket authority to file entire documents under seal. Only confidential portions of relevant documents are subject to sealing. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the

contents of any confidential information. If, however, the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

Absent a court-granted exception based upon extraordinary circumstances, any and all filings made under seal shall be submitted electronically and shall be linked to this Stipulated Protective Order or other relevant authorizing order. If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

If the Court has granted an exception to electronic filing, a sealed filing shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document. A copy of this Stipulated Protective Order, or other relevant authorizing order, shall be included in the sealed envelope.

Any and all documents that may have been subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial in the courtroom.  The hearing, argument, or trial will be public in all respects.

7.  **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all

parties a notice specifying the documents and the nature of the agreement.

8.   **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

9.   **Use of Confidential Documents or Information at Trial.** All trials are open to the public.  Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10. **Obligations on Conclusion of Litigation.**

(a)   **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)   **Return or destruction of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as

CONFIDENTIAL - SUBJECTTO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER,so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that itsuse does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents.

(c) **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

11. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

**12. No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall  be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties  is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**13. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

**WE SO MOVE/STIPULATE and agree to abide by the terms of this Order.**

| | |
|---|---|
| */s/ Jacqueline Greene* | */s/ Lynn Sowards Zellen* |
| Jacqueline Greene | D. Barry Stilz |
| Alphonse A. Gerhardstein | Lynn Sowards Zellen |
| Friedman, Gilbert + Gerhardstein | Kinkead & Stilz, PLLC |
| jacqueline@FGGfirm.com | 301 East Main Street, Suite 800 |
| al@FGGfirm.com | Lexington, KY  40507 |
| | Telephone: (859) 296-2300 |
| Charles David Ewing | Facsimile: (859) 296-2566 |
| Ewing, McMillin & Willis, PLLC | bstilz@ksattorneys.com |
| huntingcreek@twc.com | lzellen@ksattorneys.com |
| | |
| Gary F. Frannke | *Counsel for Madison County Defendants* |
| Michael O'Neill | |
| Gary F. Franke Co., L.P.A. | */s/ Margaret Jane Brannon* |
| gff@garyfrankelaw.com | Robert Franklin Duncan |
| mdo@garyfrankelaw.com | Margaret Jane Brannon |
| | Jackson Kelly PLLC |
| *Counsel for Plaintiffs* | rduncan@jacksonkelly.com |
| | mjbrannon@jacksonkelly.com |
| | |
| | *Counsel for SHP Defendants* |

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| Rontaveus Walker, Antonyus Walker, Jozlynne Walker, Marquesha Walker Individually and as Administrators of the ESTATE OF RODNEY WALKER, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTHERN HEALTH PARTNERS, INC., et al., <br><br> Defendants. | Case No. 5:20-cv-00397 <br><br> Judge Danny C. Reeves <br><br><br> **STIPULATED PROTECTIVE ORDER – ATTACHMENT A** <br><br> **ACKNOWLEDGMENTAND AGREEMENT TO BE BOUND** |

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Kentucky in matters relating to the ProtectiveOrder and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date:_____ _____

Signature